IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARNEL CATACUTAN, et al.,

        Plaintiffs,                   No. CIV S-11-3042 KJM DAD PS

     v.

DEUTSCHE BANK NATIONAL        <u>ORDER</u>
TRUST COMPANY, et al.,

        Defendants.
_____/

        Plaintiffs Arnel Catacutan and Myra Catacutan, proceeding in this action pro se, have requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This matter was referred to the undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

        Plaintiffs have submitted in forma pauperis applications that make the showing required by 28 U.S.C. § 1915(a)(1). Plaintiffs' requests for leave to proceed in forma pauperis will therefore be granted.

        The determination that plaintiffs may proceed in forma pauperis does not complete the inquiry required by the statutes. Under 28 U.S.C. § 1915(e)(2), the court is required to dismiss an in forma pauperis case at any time if the plaintiff's allegations of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. To state a claim on which relief may be

1

1  granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its
2  face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is frivolous when it lacks
3  an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989);
4  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

5        In considering whether a complaint states a cognizable claim, the court accepts as
6  true the material allegations in the complaint and construes the allegations in the light most
7  favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co.
8  v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245
9  (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by
10 lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as
11 true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western
12 Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

13       The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a
> short and plain statement of the grounds upon which the court's
> jurisdiction depends . . . , (2) a short and plain statement of the
> claim showing that the pleader is entitled to relief, and (3) a
> demand for judgment for the relief the pleader seeks.

17 Fed. R. Civ. P. 8(a).

18       Here, plaintiffs' complaint is deficient in several respects. First, the court notes
19 that plaintiffs have not listed a phone number in the upper left hand corner of the complaint.
20 Each plaintiff's telephone number must be included in the upper left-hand corner of each
21 document filed on behalf of all plaintiffs. Local Rule 131(a) and (b); Fed. R. Civ. P. 11.

22       Second, plaintiffs' complaint alleges that this court has diversity jurisdiction over
23 this action. (Compl. (Doc. No. 1) at 1.) Jurisdiction is a threshold inquiry that must precede the
24 adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State
25 Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited
26 jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v.

Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992).[1] "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. See Morongo, 858 F.2d at 1380.

The burden of establishing jurisdiction rests upon plaintiff as the party asserting jurisdiction. Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S. 528, 543 (1974) (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682-83 (1946) (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of jurisdiction ); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction . . . and may be dismissed sua sponte before service of process.").

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also

---

[1] Congress has conferred jurisdiction upon the federal district courts as limited by the United States Constitution. U.S. Const. Art. III, § 2; 28 U.S.C. § 132; see also Ankenbrandt v. Richards, 504 U.S. 689, 697-99 (1992).

be conferred by federal statutes regulating specific subject matter. District courts have diversity jurisdiction only over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332. "To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986). "Diversity jurisdiction requires complete diversity between the parties-each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008). For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c).

Here, with respect to defendant Northwest Trustee Services, Inc., ("Northwest") plaintiffs' complaint does not allege what state, if any, defendant Northwest is a citizen of.[2] Instead, the complaint merely alleges that defendant Northwest is "a foreign corporation" and that its "members and owners are citizens of another state." (Compl. (Doc. No. 1) at 2.)

Third, plaintiffs' complaint alleges causes of action for "Declaratory Relief," "Injunctive Relief," and "Cancellation of Instrument/Foreclosure/Quiet Title." (Id. at 5-6.) These, however, are not causes of action but instead are various aspects of the relief plaintiffs seek. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v.

---

[2] It appears, however, that defendant Northwest may well be a citizen of this state, which would preclude diversity jurisdiction. See Schieberl v. Avelo Mortg. LLC, No. C 08-3321 SI, 2008 WL 5120054, at *1 (N.D. Cal. Dec. 3, 2008).

Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555, 557.  A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

Finally, the undersigned notes that plaintiffs complaint alleges in a conclusory manner that the defendants "are committing fraud[.]"  (Compl. (Doc. No. 1) at 5.)  Plaintiffs are advised that to the extent they wish to raise a claim of fraud, "the circumstances constituting fraud . . . shall be stated with particularity."  Fed. R. Civ. P. 9(b).  "Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'"  Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996)).  Pursuant to Rule 9(b), a plaintiff alleging fraud at a minimum must plead evidentiary facts such as the time, place, persons, statements and explanations of why allegedly misleading statements are misleading.  In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547 n.7 (9th Cir. 1994); see also Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003); Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995).[3]  Here, plaintiffs have failed to plead the minimum evidentiary facts required under Rule 9(b).

---

[3] Likewise, "[u]nder California law, the 'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'"  Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1105 (9th Cir. 2003) (quoting Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996)).

5

Accordingly, for all of the reasons cited above, plaintiffs' complaint will be dismissed for failure to state a claim.

The undersigned has carefully considered whether plaintiffs may amend their complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972). See also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, the court cannot say that it appears beyond doubt that leave to amend would be futile. Plaintiffs' complaint will therefore be dismissed, and they will be granted leave to file an amended complaint. Plaintiffs are cautioned, however, that if they elect to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 1950. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 1951 (quoting Twombly, 550 U.S. at 557).

/////

1     Plaintiffs are also reminded that the court cannot refer to a prior pleading in order
2  to make an amended complaint complete.  Local Rule 220 requires that any amended complaint
3  be complete in itself without reference to prior pleadings.  The amended complaint will
4  supersede the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in
5  an amended complaint, just as if it were the initial complaint filed in the case, each defendant
6  must be listed in the caption and identified in the body of the complaint, and each claim and the
7  involvement of each defendant must be sufficiently alleged.  Plaintiffs' amended complaint must
8  include concise but complete factual allegations describing the conduct and events which
9  underlie their claims.
10    Accordingly, IT IS HEREBY ORDERED that:
11    1. Plaintiff Myra Catacutan's August 10, 2011, application to proceed in forma
12 pauperis (Doc. No. 3) is granted.
13    2. Plaintiff Arnel Catacutan's August 10, 2011, application to proceed in forma
14 pauperis (Doc. No. 4) is granted.
15    3. The complaint filed August 10, 2011 (Doc. No. 1) is dismissed with leave to
16 amend.
17    4. Within twenty-eight days from the date of this order, an amended complaint
18 shall be filed that cures the defects noted in this order and complies with the Federal Rules of
19 Civil Procedure and the Local Rules of Practice.  The amended complaint must bear the case
20 number assigned to this action and must be titled "Amended Complaint."
21    5. Failure to comply with this order in a timely manner may result in a
22 recommendation that this action be dismissed.
23 DATED: December 12, 2011.

*[signature]*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\catacutan3042.ifp.ord